412

Opinion by EVANS, J. In accordance with stipulation of counsel the protests were sustained in part. *Quong Yu Wo* v. *United States* (T. D. 48003) followed. No. 44823.—Protests 133635–G, etc., of Bow Tai Wo & Co. et al (SanFrancisco).

Opinion by EVANS, J. In accordance with stipulation of counsel certain items were held free of duty as crude drugs under paragraph 1567, Tariff Act of 1922, or paragraph 1669, Tariff Act of 1930. Other items were held dutiable as follows: (1) drugs, advanced, at 10 percent ad valorem under paragraph 34, Tariff Act of 1922; (2) apricot kernels at 3 cents per pound under paragraph 762, Tariff Act of 1930; (3) soya beans at ½ of 1 cent per pound under paragraph 760, Tariff Act of 1922; (4) the sugar content of sugar cane under paragraph 503 on the basis of 2.276 ounces per can and a polarization of 99.9 degrees; (5) certain items as nonenumerated unmanufactured articles at 10 percent under paragraph 1459, Tariff Act of 1922, or paragraph 1558, Tariff Act of 1930; (6) toilet preparations at 33⅓ percent under paragraph 410, Tariff Act of 1922; (7) broken rice content at ⅝ of 1 cent per pound under paragraph 727, Tariff Act of 1930, or at ½ of 1 cent per pound under paragraph 727, Tariff Act of 1922; (8) shellfish free of duty under paragraph 1662, Tariff Act of 1922; (9) soya beans at 35 percent under paragraph 773, Tariff Act of 1922, or paragraph 775, Tariff Act of 1930; (10) certain items as vegetables prepared at 35 percent under paragraph 775; (11) the weight of the oil in which certain birds were imported was held not dutiable under paragraph 712; and (12) yam flour similar to that passed upon in *United States* v. *Kawahara* (15 C. C. P. A. 231, T. D. 42242) at 20 percent under paragraph 1459, Tariff Act of 1922. Protests sustained in part.

No. 44824.—Protest 995273–G of Wm. M. Allison & Co. (New York).

Opinion by EVANS, J. It was stipulated that the merchandise consists of lime juice unfit for beverage purposes because of its volatile oil content, the same as that passed upon in *United States* v. *Ritchie* (28 C. C. P. A. —, C. A. D. 124). The claim at 5 cents per pound under paragraph 48 was therefore sustained.

No. 44825.—Protests 33500–K, etc., of Jewett & Sherman Co. (New York).

Opinion by EVANS, J. In accordance with stipulation of counsel and on the authority of *Wilson* v. *United States* (28 C. C. P. A. —, C. A. D. 126) the ginger root in question was held free of duty under paragraph 1768 as claimed.

No. 44826.—Protests 29668–K, etc., of Peat Import Corp. (New York, etc.).

Opinion by EVANS, J. It was stipulated that the merchandise consists of peat moss similar to that passed upon in *Peat Import Corp.* v. *United States* (4 Cust. Ct. 181, C. D. 319). The claim for free entry under paragraph 1685 was therefore sustained as to certain items.

No. 44827.—Protest 23373–K of Half Moon Mfg. & Trading Co., Inc. (Baltimore).

Opinion by EVANS, J. It was stipulated that the merchandise consists of peat moss similar to that passed upon in *Peat Import Corp.* v. *United States* (4 Cust. Ct. 181, C. D. 319). The claim for free entry under paragraph 1685 was therefore sustained as to certain items.